1   Edward D. Johnson (SBN 189475)
      wjohnson@mayerbrown.com
2   Donald M. Falk (SBN 150256)
      dfalk@mayerbrown.com
3   Eric B. Evans (SBN 232476)
      eevans@mayerbrown.com
4   MAYER BROWN LLP
    Two Palo Alto Square, Suite 300
5   3000 El Camino Real
    Palo Alto, CA  94306-2112
6   Telephone: (650) 331-2000
    Facsimile:  (650) 331-2060
7
    Alan Blankenheimer (SBN 218713)
8     ablankenheimer@cov.com
    COVINGTON & BURLING LLP
9   9191 Towne Centre Dr 6th FL
    San Diego, CA  92122
10  Telephone: (858) 678-1801
    Facsimile: (858) 678-1601
11
    Attorneys for Defendant
12  DTS, INC.

13

14                  **UNITED STATES DISTRICT COURT**

15                  **NORTHERN DISTRICT OF CALIFORNIA**

16                      **SAN JOSE DIVISION**

17

18  ZORAN CORPORATION,                  | Case No. 08-CV-4655 JF (HRLx)

                    Plaintiff,          | **DTS, INC.'S MOTION TO DISMISS**
19                                       | **AND COMPEL ARBITRATION**

20      v.                               | Date:        Friday, Dec. 19, 2008
                                         | Time:        9:00 a.m.
    DTS, INC.,                           | Before:      Hon. J. Fogel
21                                       | Location:    Ctrm. 3, 5th Floor

                    Defendant.
22

23

24

25

26

27

28

44050567

1

## NOTICE OF MOTION AND MOTION

2      PLEASE TAKE NOTICE that on Friday, December 19, 2008, at 9:00 a.m., or as soon

3  thereafter as counsel may be heard, Defendant DTS, Inc. will, and hereby does, move this Court

4  located at 280 South First Street, San Jose, California 95133, the Honorable Jeremy Fogel presiding,

5  for an order referring Plaintiff Zoran Corporation's claims, in their entirety, to arbitration under

6  9 U.S.C. § 4 and dismissing this action under FED. R. CIV. P. 12(b)(6) for failure to state a claim or, in

7  the alternative, staying it under 9 U.S.C. § 3.

8      Zoran and DTS have agreed to arbitration under the Amended and Restated Bylaws of the Blu-

9  ray Disc Association ("BDA Bylaws").  Zoran served a Notice of Arbitration asserting its right to

10  arbitrate under the BDA Bylaws on the same day it served its Complaint in this action.  Section 4 of the

11  Federal Arbitration Act, 9 U.S.C. § 4, requires the Court to compel arbitration on a motion by any party

12  to the Blu-ray arbitration agreement.

13      DTS's motion is based on this Notice of Motion and Motion, the Memorandum of Points and

14  Authorities appended below, the Declaration of Eric B. Evans and [Proposed] Order submitted

15  concurrently, any matters of which this Court may take judicial notice, and on the pleadings and file in

16  this action and any other argument as may be presented before or during this Motion.

17

18

19

20

21

22

23

24

25

26

27

28

1

## MEMORANDUM OF POINTS & AUTHORITIES

2      Zoran Corporation's Complaint takes issue with the terms and conditions on which DTS

3  has offered to license its patented technology.  In particular, Zoran alleges that the offered terms

4  are not fair, reasonable, and nondiscriminatory ("FRAND").   But Zoran agreed to arbitrate

5  disputes of that kind, and in fact has begun to do so; it filed a Notice of Arbitration and

6  Statement of Claim covering this very dispute on the same day it served its Complaint.  *See*

7  Evans Decl., Ex. A.  The Federal Arbitration Act requires that the claims that Zoran raised in its

8  Complaint here be referred to the proper forum: AAA arbitration, where Zoran is already

9  proceeding.  Zoran's Complaint is an exercise in improper claim-splitting and does not belong in

10  this Court.

11      DTS invented important, patented multi-channel audio encoding and decoding

12  technology that is part of the specification for the Blu-ray standard for high-definition DVDs.

13  Complaint ¶ 2. Zoran describes itself as a "leading provider of digital solutions in the digital

14  entertainment and digital imaging markets"; it designs and sells integrated circuits to DVD

15  player makers.  *Id.* ¶ 1. Zoran and DTS are members of the Blu-ray Disc Association ("BDA"), a

16  voluntary association of hardware manufacturers, software firms, and media manufacturers that

17  promotes the Blu-ray standard.  *Id.* ¶ 30.

18      In Amended and Restated Bylaws of the Blu-ray Disc Association ("BDA Bylaws"), all

19  BDA members agree that they are "willing to grant [other members] non-exclusive, non-

20  transferable, worldwide licenses on fair, reasonable, and non-discriminatory terms and

21  conditions" ("FRAND terms") to any of their patents that are essential to compliance with the

22  Blu-ray standard specification.  *Id.* ¶ 31.  The BDA Bylaws also include this agreement to

23  arbitrate disputes:

24
25
26

> 5) ***Any dispute*** between a Member and another Member over ***whether the Member is offering a license*** under its Essential Patent(s) ***on fair, reasonable and non-discriminatory terms and conditions*** within the context of the provision of 16(4) ***shall be decided by a single neutral arbitrator*** appointed under the International Rules of the American Arbitration Association [("AAA")] (the "Arbitrator") and will be conducted under the rules of that Association in New York City.

27

28

Evans Decl., Ex. A, BDA Bylaws at 36, Clause 16(5) (the "Arbitration Agreement") (emphasis added).

Believing that DTS was not offering it FRAND terms, Zoran initiated an arbitration before the AAA, in accordance with the Arbitration Agreement.  Evans Decl., Ex. A.  In its Notice of Arbitration, Zoran claimed that:

**The Arbitration Agreement**

5.  This dispute arises out of the Amended & Restated Bylaws of Blu-ray Disc Association, Version 1.5 rev. (the "BDA Bylaws"), attached hereto as Exhibit A, and DTS's refusal to grant a license to Zoran on fair, reasonable and non-discriminatory terms.

Evans Decl., Ex. A, Notice at 2.  On October 9, 2008, the same day it began the arbitration, Zoran served its Complaint.  Zoran enumerates DTS's alleged misconduct in a section titled "DTS's Refusal to License on FRAND Terms."  Complaint ¶¶ 55-89.  Specifically, Zoran claims that DTS's offered terms are:

- "discriminatory, unfair, and unreasonable" (Complaint ¶ 11);
- "unfair, unlawful, and discriminatory" (*id*. ¶ 57);
- "unfair, discriminatory, and patently unreasonable" (*id*. ¶ 58);
- "[i]n contradiction of its FRAND commitments" (*id*. ¶ 59);
- "discriminatory … unfair, unreasonable, and … not consistent with DTS's FRAND obligations" (*id*. ¶ 66);
- "unfair, unreasonable, and … not comport[ing] with its FRAND obligations" (*id*. ¶ 76);
- "not fair or reasonable" (*id*. ¶ 78);
- "[c]ontrary to its FRAND obligations" (*id*. ¶¶ 80 & 82); and
- "selective, unfair, and unreasonable" (*id*. ¶ 85).

Both causes of action in Zoran's Complaint are based on the allegation that DTS "disregarded its FRAND commitments."  Complaint ¶ 10.  Zoran tries to package this allegation as an antitrust claim by charging that DTS violated Section 2 of the Sherman Act by "inducing" the BDA to adopt its technology in the Blu-ray standard, in reliance on "DTS's promises to observe FRAND licensing, and then not acting in accordance with those promises."  *Id*. ¶ 89. Zoran's patent misuse claim also points to a set of FRAND violations: (1) DTS's insistence that Zoran resolve its debts on its earlier license from DTS (characterized as an "attempt to extract

-2-

double royalties on the patents" (*id*. ¶ 95; *cf*. *id*. ¶¶ 57-58)); and (2) DTS's alleged assertion of patent rights against the sale and purchase of non-infringing integrated circuits, or "ICs."  *Id*. ¶¶ 96-97; *cf*. *id*. ¶¶ 73-76.  Because the claims in Zoran's Complaint are all "dispute[s] over whether [DTS, Inc.] is offering a license … on fair, reasonable and non-discriminatory terms," those claims must be submitted to arbitration.

## ARGUMENT

### A.    Because the BDA Bylaws Require Arbitration of *All* Member Disputes Over FRAND Licensing, Zoran's Claims Must Be Referred to Arbitration.

#### 1.    *Federal Law Requires Enforcement of Arbitration Agreements.*

Section 4 of the Federal Arbitration Act ("FAA") requires the Court to compel arbitration under the Arbitration Agreement in the BDA Bylaws.  9 U.S.C. § 4 (giving "party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration" right to seek "order directing that such arbitration proceed in the manner provided for in such agreement").  The FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed."  *Dean Witter Reynolds, Inc., v. Byrd*, 470 U.S. 213, 218 (1985).  "Because the FAA mandates that district courts shall direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed, the FAA limits courts' involvement to determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."  *Cox v. Ocean View Hotel Corp*., 533 F.3d 1114, 1119 (9th Cir. 2008).  An affirmative response to both questions "requires the court to enforce the arbitration agreement in accordance with its terms."  *Chiron Corp. v. Ortho Diagnostic Sys., Inc*., 207 F.3d 1126, 1130 (9th Cir. 2000).

#### 2.    *The BDA Bylaws Include a Valid Arbitration Agreement That Zoran Has Invoked Over This Dispute.*

The parties do not dispute the validity of the Arbitration Agreement.  Zoran itself relied on the Arbitration Agreement to serve a Notice of Arbitration on DTS and is now estopped from challenging its validity: "A party may not voluntarily submit his claim to arbitration, await the

outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrator to act." *Ralph Andrews Prods., Inc. v. Writers Guild of Am.*, 938 F.2d 128, 130 (9th Cir. 1991).

### 3. The Arbitration Agreement Encompasses Zoran's Claims That the License DTS Offers Is "Unfair, Discriminatory, and Patently Unreasonable."

Although it recognizes its obligation to arbitrate this dispute over DTS's compliance with its FRAND obligation (Evans Decl., Ex. A, Notice ¶ 5), Zoran tries to split its claim—and its forum—by relabeling the FRAND dispute as "antitrust" and "patent" claims. But that makes no difference.

The Court's "task is to look past the labels the parties attach to their claims to the underlying factual allegations and determine whether they fall within the scope of the arbitration clause." *3M Co. v. Amtex Sec., Inc.*, __ F.3d __, 2008 WL 4205761, at *5 (8th Cir. Sept. 16, 2008). So long as "the underlying factual allegations simply 'touch matters covered by' the arbitration provision," the claims should be sent to arbitration. *Id.; see also*, *e.g.*, *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 721 (9th Cir. 1999); *Owner-Operator Indep. Drivers Assoc., Inc. v. Swift Transp. Co.*, 288 F. Supp. 2d 1033, 1036-1037 (D. Ariz. 2003); *Ever-Gotesco Resources and Holdings, Inc. v. PriceSmart, Inc.*, 192 F. Supp. 2d 1040, 1042-1043 (S.D. Cal. 2002).

In addition, whenever a claim requires resolution of a contract issue that is subject to arbitration, the entire claim must be arbitrated. That is so even when the arbitration clause is quite narrow. Thus, the Supreme Court has held, even an arbitration provision that is limited to disputes regarding "any differences arising with respect to the interpretation of this contract or the performance of any obligation hereunder" requires arbitration of all claims with any relation to the contract "unless it may be said *with positive assurance* that the arbitration clause is *not susceptible of an interpretation that covers the asserted dispute.* Doubts should be resolved in favor of coverage." *AT&T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 650 (1986) (quoting *Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582-583 (1960)). As a consequence, an arbitration clause encompasses tort or other claims, regardless of their label, if "resolution of the claims relates to interpretation of the contract" or "require[s]

interpretation of the contract." *Manetti-Farrow, Inc. v. Gucci America, Inc.*, 858 F.2d 509, 514 & n.4 (9th Cir. 1988).

Here, both of Zoran's claims require interpretation of the contract, because Zoran cannot succeed in either its antitrust or patent misuse claims if DTS offered it FRAND terms. Although Zoran will have to prove other elements to succeed in these claims, they cannot be resolved without determining whether DTS offered Zoran FRAND terms and conditions—the very matter at the core of the Arbitration Agreement. Zoran's antitrust claim explicitly relies on the allegation that DTS promised to license on FRAND terms and has "not [been] acting in accordance with those promises, all in violation of Section 2 of the Sherman Act, 15 U.S.C. § 2." Complaint ¶ 89. If DTS's terms are, in fact, fair, reasonable, and non-discriminatory—as DTS will prove in the arbitration Zoran has already started—Zoran's antitrust claim will fail. Similarly, Zoran's claim for declaratory judgment of patent misuse rests on the same allegations of misconduct in DTS's "licensing behavior and its activities in connection with the Blu-ray Disc Association." *Id*. ¶ 94. Zoran simply characterizes particular terms DTS has offered Zoran as patent misuse, including a supposed "upfront fee" (*id.* ¶ 95), an allegedly objectionable "condition" of the license (*id.* ¶ 96), and other license restrictions that supposedly affect Zoran's ability to sell noninfringing "ICs" to "systems manufacturers" (*id.* ¶ 97).

Labeling the claims statutory rather than contractual does not change the result. As the Supreme Court held in an antitrust case, so long as "the allegations underlying the statutory claims touch matters covered by" the Arbitration Agreement, those statutory claims must be arbitrated along with the explicitly contractual claims. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 624 n.13 (1985) (emphasis added). Moreover, the Court "properly resolves any doubts in favor of arbitrability." *Id.* Nor is there an exception for patent claims. To the contrary, the Patent Code explicitly authorizes arbitration of core patent issues such as validity and infringement, making all the more clear the arbitrability of secondary patent issues such as Zoran's claim for a declaration of patent misuse. *See* 35 U.S.C. § 294; *see also Deprenyl Animal Health, Inc. v. University of Toronto Innovations Foundation*, 297 F.3d 1343,

1357 (Fed. Cir. 2002) ("Parties may agree to arbitrate patent infringement and validity issues, and such agreements bind the parties.").

Because "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration," *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24-25 (1983), this is not a close case.  As noted above, the Arbitration Agreement encompasses "[a]ny dispute between a Member and another Member over whether the Member is offering a license under its Essential Patent(s) on fair, reasonable and non-discriminatory terms and conditions." Evans Decl., Ex. A at 36 Clause 16(5).  As Zoran has pled its claims, the Arbitration Agreement covering "any dispute … over whether" a BDA member has licensed covered technology on FRAND terms directly "speaks to the matter in controversy." *Preston v. Ferrer*, — U.S. —, 128 S.Ct. 978, 988 (2008).  The essence of Zoran's Complaint is that the license terms DTS offers are "discriminatory" (Complaint ¶¶ 11, 57, 58, 66; *id.* ¶ 85 ("selective")), "unfair" (*id.* ¶¶ 11, 57, 58, 66, 78, 85), "unreasonable" (*id.* ¶¶ 11, 58, 66, 78, 85), or generally in violation of "FRAND obligations" (*id.* ¶¶ 76, 80, 82; *id.* ¶ 59 ("FRAND commitments")).  Zoran's statement, in its Notice of Arbitration, that "[t]his dispute arises out of the [BDA Bylaws] and DTS's refusal to grant a license to Zoran on fair, reasonable, and non-discriminatory terms" is every bit as true of its Complaint.  Evans Decl., Ex. A, Notice ¶ 5.

Zoran's claims would require this Court to decide the precise subject matter the Arbitration Agreement commits to the arbitrator: "whether the Member [DTS] is offering a license under its Essential Patent(s) on fair, reasonable and non-discriminatory terms and conditions." Evans Decl., Ex. A, Bylaws at 36 Cl. 16(5).  This Court therefore should refer those claims to arbitration.

### B.    Zoran's Claims Should Be Dismissed.

When all of a plaintiff's claims are subject to mandatory arbitration, as they are here, they should be dismissed and arbitration compelled. *See Sparling v. Hoffman*, 864 F.2d 635, 638 (9th Cir. 1988) (affirming district court's *sua sponte* dismissal where all claims were arbitrable); *Thinket Ink Info. Res., Inc. v. Sun Microsystems, Inc.*, 368 F.3d 1053, 1061 (9th Cir. 2004)

1    (affirming dismissal of claims subject to arbitration); *Chappel v. Laboratory Corp.*, 232 F.3d

2    719, 723-25 (9th Cir. 2000) (same).[1]

3

4                                              **CONCLUSION**

5         Zoran should be compelled to arbitrate its claims and the case should be dismissed.

6

7    Dated: October 29, 2008                    RESPECTFULLY SUBMITTED,
           Palo Alto, California
8                                              MAYER BROWN LLP

9                                              By:  /s/_____
10                                                   Edward D. Johnson
                                               Attorneys for Defendant DTS, INC.
11

12                                             Of Counsel:

13                                             Christopher J. Kelly
                                               MAYER BROWN LLP
14                                             1909 K Street, N.W.
                                               Washington, DC 20006-1101
15
                                               Anita F. Stork
16                                             COVINGTON & BURLING LLP
                                               One Front Street
17                                             San Francisco, CA 94111-5356

18

19

20

21

22

23

24

25

26

     _____
27   [1] Although dismissal is the appropriate remedy, at the very least, the Court should stay this
     matter—including the obligation to respond further to the Complaint—until the arbitration has
28   been completed.  9 U.S.C. § 3.